# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SIMON VERNON,                          )
                                       )
                  Plaintiff,           )
                                       )
         v.                            )          1:25cv625
                                       )
DB SCHENKER, et al.,                   )
                                       )
                                       )
                  Defendants.          )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on the Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application") filed by Simon Vernon (the "Plaintiff") in conjunction with his pro se complaint (Docket Entry 2) (the "Complaint") against DB Schenker ("Schenker"), Mr. James, Mr. Rone, and Mr. Mike (collectively, the "Defendants"). The undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

## APPLICABLE LEGAL PRINCIPLES

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th

Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. FMC Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . (i) is frivolous or . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

The United States Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "The word frivolous is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." <u>Nagy</u>, 376 F.3d at 256-57 (internal quotation marks omitted). In assessing such matters, the Court may "apply common sense." <u>Nasim</u>, 64 F.3d at 954.

"[The C]ourt may consider subject matter jurisdiction as part of the frivolity review." <u>Overstreet v. Colvin</u>, No. 4:13cv261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing <u>Lovern v.</u>

2

<u>Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999)); <u>see also</u> <u>Lovern</u>, 190 F.3d at 654 ("[T]he absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." (citation omitted)). Indeed, even absent Section 1915(e)(2)(B), the Court possesses "an independent obligation to determine whether subject-matter jurisdiction exists," <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 94 (2010). <u>See</u> <u>Constantine v. Rectors & Visitors of George Mason Univ.</u>, 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion.'"). This obligation arises because federal courts constitute courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." <u>In re Bulldog Trucking, Inc.</u>, 147 F.3d 347, 352 (4th Cir. 1998). As such, no presumption of jurisdiction applies, <u>see</u> <u>Pinkley, Inc. v. City of Frederick</u>, 191 F.3d 394, 399 (4th Cir. 1999); instead, federal courts must determine if a valid jurisdictional basis exists and "dismiss the action if no such ground appears," <u>Bulldog Trucking</u>, 147 F.3d at 352; <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

3

lacks subject-matter jurisdiction, the court must dismiss the action.").

Generally, federal courts possess jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and actions involving citizens of different states, see 28 U.S.C. § 1332. Facts supporting jurisdiction must appear in the complaint, see Pinkley, 191 F.3d at 399, and the party asserting federal jurisdiction bears the burden of "show[ing] that jurisdiction does, in fact, exist," Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (internal quotation marks omitted).

As for the second ground for Section 1915(e)(2)(B) dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

4

In conducting this analysis, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court "will not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 455 (4th Cir. 2013) (internal quotation marks omitted); see also Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)). The Court also "put[s] aside any naked assertions devoid of further factual enhancement." SD3, LLC v. Black & Decker (U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015), as amended on reh'g in part (Oct. 29, 2015) (internal quotation marks omitted). "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

**DISCUSSION**

As an initial matter, neither of the Complaint's asserted jurisdictional bases establishes federal jurisdiction. In this regard, the Complaint identifies "Diversity of citizenship" as the sole "basis for federal court jurisdiction." (Docket Entry 2 at 3.)[1] According to the Complaint, though, Plaintiff and, at a minimum, Schenker qualify as citizens of North Carolina. (See id. at 1 (identifying North Carolina residence for Plaintiff), 4 (identifying North Carolina as place of incorporation and principal place of business for Schenker); see also id. at 2 (listing same address for individual Defendants as for Schenker).)[2] Under Section 1332(a), "jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). Because Plaintiff and Defendants do not satisfy this standard, the Court lacks diversity jurisdiction over this matter.

Although not selecting "Federal question" as the basis for jurisdiction (Docket Entry 2 at 3), the Complaint identifies "[t]he First Amendment of the Bill of Rights" (id. (all-cap font omitted)) in the area provided for "[l]ist[ing] the specific federal

---

[1] Citations herein to Docket Entry pages utilize the CM/ECF footer's pagination.

[2] For diversity purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

6

statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case" (id.).  Importantly, though, "the [First Amendment] prohibits only *governmental* [conduct;]" it "does not prohibit *private* [conduct]."  Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 808 (2019) (emphasis in original); see also id. at 804 ("[T]he First Amendment constrains governmental actors and protects private actors."). "The threshold problem with th[e Complaint's] First Amendment claim is a fundamental one: [Schenker] is a private entity," id. at 809. (See Docket Entry 2 at 4.)  Moreover, the Complaint lacks any indication that Defendants qualify as governmental actors for purposes of Plaintiff's claim(s) (see id. at 1-6).  See Manhattan Cmty., 587 U.S. at 809 (explaining that "a private entity can qualify as a state actor in a few limited circumstances").  The Complaint therefore fails to establish federal jurisdiction over this action, necessitating its dismissal.  See Fed. R. Civ. P. 12(h)(3); see also Davis, 856 F.2d at 650 (explaining that party asserting federal jurisdiction must show it exists); Constantine, 411 F.3d at 480 (explaining that federal courts possess independent obligation to assess subject-matter jurisdiction).

The Complaint also fails to state a viable claim, independently necessitating its dismissal.  When instructed to provide a "short and plain statement of the claim," stating "the facts showing" how "[P]laintiff is entitled to the damages or other

relief sought" and "how each defendant was involved and what each defendant did" to harm Plaintiff, the Complaint states only: "P[a]yment with my school[] loan[s], child supp[ort,] and othe[r] personal [ex]pen[se]s." (Docket Entry 2 at 4 (all-cap font omitted).) However, Plaintiff also included with the Complaint the first page of an EEOC "Charge of Discrimination" by Plaintiff against Schenker. (Id. at 6 (all-cap font omitted) (the "Charge")). The Charge asserts that Plaintiff experienced "[d]iscrimination [b]ased [o]n[] National Origin, Race, [and] Retaliation." (Id. (all-cap font omitted).) In support of this assertion, the Charge states, in full:

> [Plaintiff] was hired by [Schenker] in February 2025. [Schenker] has 15 or more employees. In March 2025, [Plaintiff] was discharged from [his] position as a Forklift Operator.
>
> [Plaintiff] started training for the Forklift Operator position around February 3, 2025. The training was supposed to last for 3 weeks. However, [Schenker] gave [Plaintiff] an additional 2 weeks of training. [Plaintiff] had a total of 5 weeks of training for the Forklift Operator position.
>
> On or about March 13, 2025, the Trainer (Black American Male) took [Plaintiff] to the HR Office. [Plaintiff] had a meeting with a HR Representative (Black American Male). The HR Representative gave [Plaintiff] a document which stated that [Plaintiff] was being terminated because [he] did not have the skill set to work as a Forklift Operator. [Plaintiff] refused to sign the termination document.
>
> [Plaintiff] believe[s] the Trainer did not like [him] based on [his] race, national origin, and retaliation. During the training period, the Trainer behaved in an unprofessional manner toward [Plaintiff] and treated [him] unfairly. [Plaintiff] believe[s] the Trainer gave

8

> negative information to management about [Plaintiff's] work performance during the training period. Therefore, [Plaintiff] believe[s] that [he] was discharged from [his] position due to [his] race, national origin, and retaliation.

(Id.)

Under Title VII of the Civil Rights Act of 1964 ("Title VII"), an employer cannot "discharge any individual, or otherwise to discriminate against any individual . . ., because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also "makes it illegal for 'an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by' Title VII 'or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under' Title VII." Villa v. CavaMezze Grill, LLC, 858 F.3d 896, 900 (4th Cir. 2017) (brackets and ellipsis in original) (emphasis omitted) (quoting 42 U.S.C. § 2000e-3(a)).

To begin, the Complaint contains no factual allegations supporting its conclusory assertion that "[Plaintiff] was discharged from [his] position due to [his] . . . national origin[] and retaliation" (Docket Entry 2 at 6). (See id. at 1-6.) The Court should thus disregard this bare assertion. See SD3, 801 F.3d at 422. As for Plaintiff's race discrimination contentions, it bears noting that, although the Complaint identifies the race of

9

the "Trainer" and "HR Representative" (Docket Entry 2 at 6), it never identifies Plaintiff's race (see id. at 1-6). Even assuming that Plaintiff differs in race from the identified employees, however, the Complaint still fails to assert a race discrimination claim, as the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races," Hawkins v. PepsiCo, Inc., 203 F.3d 274, 282 (4th Cir. 2000). See id. ("Personality conflicts and questioning of job performance are unavoidable aspects of employment." (internal quotation marks and brackets omitted)). Instead, a complaint must provide "legally sufficient [factual allegations] to transform an ordinary conflict such as that between [Plaintiff and the identified employees] into an actionable claim of discrimination." Id. The Complaint lacks such allegations. (See Docket Entry 2 at 1-6.) Accordingly, even if the Court construed the Complaint as invoking federal jurisdiction under Title VII, it fails to state a viable claim, necessitating dismissal of any such claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONCLUSION**

The Court lacks both diversity and federal question jurisdiction over this action, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, the Complaint fails to state a viable claim, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

10

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that the Court dismiss without prejudice this action for lack of subject-matter jurisdiction, or alternatively, that the Court dismiss this action for failure to state a claim.

This 17th day of March, 2026.

/s/ L. Patrick Auld
L. Patrick Auld
United States Magistrate Judge

11